NIELD, Respondent, v. ILLINOIS CENTRAL RAILROAD CO., Appellant.

(225 N. W. 654.)

(File No. 6335.    Opinion filed June 4, 1929.)

*Bailey & Voorhees* and *M. T. Woods, Jr.,* all of Sioux Falls, for Appellant.

*F. E. Sullivan,* of Sioux Falls, for Respondent.

BROWN, J. Plaintiff brings this action to recover for a shortage of coal in five different shipments over defendant's railroad, from points in Indiana and Illinois. The jury returned a verdict in plaintiff's favor for $218.18, on which judgment was entered for $178.36; and from the judgment and an order denying a new trial, defendant appeals.

It is contended that there is no evidence showing the amount of coal delivered to defendant for carriage. The freight bills rendered by defendant to plaintiff and on which it collected freight from plaintiff stated the weight of coal in the several cars; and these freight bills were introduced in evidence and were the only evidence of the amount of coal delivered for shipment. These statements were certainly admissions or representations by defendant that the amount of coal stated in the freight bills had been delivered to and received by it for carriage; and this evidence was sufficient to warrant the jury in finding that amount of coal had been delivered to defendant for shipment.

The principal point relied upon by appellant for reversal is the contention that the verdict is so excessive as to show that it must have been arrived at under the influence of passion and prejudice. It is contended that the evidence does not show damage in excess of the amount of the judgment, $178.36, at the most; but the excess in the verdict seems to have arisen from the evidence in regard to the shortage claimed in car No. 127218. In the complaint it is alleged that there was shipped in that car 113,200 pounds of coal, and that on receipt it weighed out 87,560 pounds, leaving a shortage of 25,640 pounds. The freight bill for that car is not set out in the appeal record; but, with the exception of a part "marked out with pencil," it was received in evidence. What was marked out we do not know; but what was admitted showed "weight 106,100 pounds." At this weight, the shortage would be only 18,540 pounds. But, after this freight bill had been received in evidence, plaintiff stated in his testimony that the shortage in that car was 25,640 pounds. It would seem that the jury took the shortage to be as stated by plaintiff in his testimony, while the court thought that the proof showed a shortage not exceeding 18,540 in that car. The difference between these two amounts would very closely approximate the amount by which the appellant claims the verdict is excessive. The misunderstanding by the jury

of the evidence as to the shortage on this car, if there was such a misunderstanding, is no indication that the verdict was arrived at under the influence of passion or prejudice. Plaintiff testified without objection that the shortage on that car was 25,640 pounds. Though this statement may have been in the nature of a conclusion and based on insufficient data, it remained in the case, and the jury cannot be said to have been influenced by passion or prejudice if they accepted it in arriving at the amount of the verdict. The court evidently thought that the evidence showed a shortage not exceeding 18,540 pounds in that car and gave judgment on that basis, and of this the defendant cannot complain. The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, J., concur.

CAMPBELL, J. (dissenting). I think there was an utter failure of proof on the part of the plaintiff herein, and that there should be a reversal for that reason.

BURCH, J., dissents.